**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DAVID M. RATCLIFF,            )
                              )
          **Plaintiff,**     )
                              )
v.                            )
                              )     No. 05-3133-CM
                              )
MARK E. RACE and E.J. GALLEGOS, )
                              )
          **Defendants.**    )
                              )

## MEMORANDUM AND ORDER

Plaintiff David M. Ratcliff brings this pro se action alleging that defendants violated his constitutional and statutory rights. The case is before the court on Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 28). Because plaintiff fails to state a claim, defendants' motion to dismiss is granted.

**I.     Background**

According to plaintiff's complaint, on August 25, 2004, defendant Race improperly completed plaintiff's "paperwork" under the Interstate Agreement on Detainers Act ("IADA"). Specifically, plaintiff believes that defendant Race omitted a detainer based on a probation violation. Plaintiff alleges that this omission violates: (1) his rights under the Sixth and Fourteenth Amendments; (2) Article IV(b) of the IADA; and (3) his rights under the First Amendment. Plaintiff also notes that defendant Race improperly signed for defendant Gallegos. Had the "proper procedure . . . been followed[,] negligence would have been avoided and damage suffered could have been avoided."

Defendants argue that plaintiff fails to state a claim because the IADA does not apply to

detainers based on probation violations. Alternatively, defendants argue that sovereign immunity bars plaintiff's claims. Defendants also move for summary judgment.

**II.     Judgment Standards**

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

**III.    Analysis**

For plaintiff to succeed, this court must find that omission of a probation violation detainer violates the IADA, implying that defendant Race acted negligently. Plaintiff contends that Article IV(b) of the IADA requires the inclusion of all detainers: "Said authorities simultaneously shall furnish all other officers and appropriate courts in the receiving State who has lodged detainers against the prisoner with similar certificates and with notices informing them of the request for custody or availability and of the reasons therefor." 18 U.S.C. App'x 2 § 2 art. IV(b). However, case law does not support plaintiff's arguments.

In *Carchman v. Nash*, the Supreme Court held that Article III of the IADA does not apply to probation violation detainers. 473 U.S. 716, 726 (1985). Because the relevant language of Article

III and Article IV is identical, Article IV of the IADA does not apply to probation violation detainers. *See United States v. Fulford*, 825 F.2d 3, 11–12 (3rd Cir. 1987); *Christensen v. Zavaras*, No. 98-1096, 1998 WL 796123, at *2 n.2 (10th Cir. Nov. 17, 1998) ("[T]he Supreme Court has held the IADA does not apply to detainers based on probation violation charges."). Consequently, plaintiff fails to state a claim for violation of the IADA. Without an IADA claim, plaintiff's claims for constitutional violations and negligence also must fail.

Because plaintiff failed to state a claim, this action is dismissed. The court denies defendants' alternate request for summary judgment and Plaintiff's Motion for Summary Judgment (Doc. 45) as moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 29) is granted in part and denied in part. The court dismisses this case for failure to state a claim, but denies summary judgment as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 45) is denied.

Dated this 13th day of February 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**